### FLETCHER et al. v. GRINNELL BROS.
#### No. 9873.

Circuit Court of Appeals, Sixth Circuit.
July 9, 1945.

338

Robert F. Robbins, of Detroit, Mich., for appellants.

Harvey A. Fischer, of Detroit, Mich. (Hull, Brown & Fischer, Harvey A. Fischer, Leo I. Franklin, and Norman R. Barnard, all of Detroit, Mich., on the brief), for appellee.

Before HAMILTON, MARTIN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Grinnell Brothers, a Michigan corporation having its principal office in Detroit and engaging in the sale of pianos and other musical instruments, operates a number of retail stores in Michigan, as well as a store in Toledo, Ohio, and one in Windsor, Ontario, Canada. The company maintains a warehouse in Detroit, where merchandise is stored awaiting transfer to the stores or directly to customers, and, in addition, it also maintains a factory at Holly, Michigan, where it manufactures pianos and piano benches, which are in turn shipped to the warehouse, where they are available for distribution to Grinnell's various stores. However, less than 8% of the merchandise marketed by the company is manufactured by it. Most of the merchandise sold by the Windsor and Toledo stores is shipped directly to them from the sources of supply, only a small amount being delivered from the Detroit warehouse to these stores. A large part of the merchandise received at the warehouse and the stores, and which is thereafter sold by Grinnell, is shipped by various other manufacturers from outside the State of Michigan.

When merchandise is delivered from the warehouse to the Windsor store, it is delivered by Grinnell's trucks to the United States side of the border and thence by other means to the store. In making deliveries from the Detroit warehouse to the Toledo store, such deliveries are made in-

eidental to other deliveries to defendant's retail stores located in Michigan along the route to Toledo; and when shipments are sent to appellee company from outside the state, they are secured by appellee's truckers at the docks and depots and are brought by them to the company warehouse. All sales made by the company are at retail.

Appellants are employees of Grinnell Brothers and are engaged as truck drivers, helpers, or warehousemen. Those employed in connection with trucking also assist in servicing trucks, packing and unpacking merchandise, loading and unloading trucks, and in other activities in and about defendant's warehouse. Others who are not engaged as drivers or helpers on the trucks perform miscellaneous duties around the warehouse such as watchmen and elevator operators.

Appellants brought action as employees of Grinnell Brothers for extra compensation, relying upon the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

On the trial, Grinnell Brothers contended that appellant employees were exempted from the operation of the statute by virtue of Section 13(a)(2) of the Act, 29 U.S.C.A. § 213(a)(2), which states that its provisions shall not apply with respect to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." The district court dismissed the complaint on the ground that appellants were employed by Grinnell Brothers in its retail establishment; that the greater part of the sales of such retail establishment were in intrastate commerce; that none of the employees in question performed any activity in connection with the production of goods for interstate commerce, inasmuch as whatever was done was for the purpose of operating the retail establishment; and that appellants were, accordingly, exempted from the operation of the law by virtue of Section 13(a)(2) of the Act.

■ Since the decision of the district court in this case, the question here in issue has been resolved contrary to the contention of appellee in the opinion of the Supreme Court in A. H. Phillips, Inc., v. Walling, 65 S.Ct. 807, in which it was said that most chain store organizations are merchandising institutions of a hybrid retail-wholesale nature, and possess the essential characteristics of both wholesaler and retailer, performing their wholesale functions through their warehouses and central offices. It was pointed out that, in such a situation, the enterprise really consists of a number of retail establishments and a single wholesale establishment, and that, accordingly, those who work in such wholesale establishment are not exempted from the operation of the statute by Section 13(a)(2) of the Act. It was also remarked that Section 13(a)(2) was a part of the Act only because of the fear that Section 13(a)(1), in exempting employees regularly engaged in a local retailing capacity, did not clearly exclude those employed by local retailers who are situated near state lines and who make occasional interstate sales. Walling v. Jacksonville Paper Co., 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460.

The Grinnell Company falls within the category of a chain store organization. Here, as in the Phillips case, appellant employees "are performing wholesale duties in the very midst of the stream of interstate commerce. They constantly deal with both incoming and outgoing interstate shipments." [65 S.Ct. 810] See Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Warren-Bradshaw Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Overstreet v. North Shore Corporation, 318 U.S. 125, 63 S.Ct. 494, 87 L. Ed. 656.

It may also be observed that the reasoning in the cases of Allesandro v. C. F. Smith Co., 6 Cir., 136 F.2d 75, 149 A.L.R. 382, Walling v. L. Wiemann Co., 7 Cir., 138 F.2d 602, 150 A.L.R. 878, and Walling v. Block, 9 Cir., 139 F.2d 268, upon which appellee largely relies, is mentioned as being in conflict with the decision in the Phillips case, in the footnote to that opinion.

Since, under the authority of the Phillips case, appellant employees cannot be said to fall within the terms or spirit of the exemption specified in Section 13(a)(2), we are constrained to conclude that such provision is not here applicable.

The foregoing conclusion, therefore, calls for a reversal of the decision of the district court; and would further require a holding that all appellant employees are entitled to the benefits of the provisions of the Fair Labor Standards Act, unless certain of them are exempted from the operation of the statute by virtue of Section 13(b)(1) of the Act, 29 U.S.C.A. § 213(b)

(1), which in so far as here applicable, provides that such statute shall not cover "any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service," pursuant to the provisions of the Motor Carrier Act, 49 U.S. C.A. § 301 et seq.

■ It has been held that the above mentioned power on the part of the Interstate Commerce Commission is confined to those employees whose duties affect "safety of operation." United States v. American Truck Associations, Inc. et al., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345. With regard to the exemptions from the maximum hour provisions of the Fair Labor Standards Act, of any employee with respect to which the Interstate Commerce Commission has power to establish maximum hours of service under the Motor Carrier Act of 1935, these became effective immediately as to those employees of private carriers of property by motor vehicle with respect to whom the Motor Carrier Act gave the Commission power to establish maximum hours of service, "if need therefor be found," and do not await the exercise of the power by the Commission. Southland Gasoline Co. v. Bayley, et al., 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244.

However, this case must be sent back to the district court for further proceedings inasmuch as, once having determined that appellants were excepted from the provisions of the Fair Labor Standards Act on the ground that they were employed in a retail establishment, the trial court filed no further findings of fact or conclusions of law on the question whether appellants, or any of them, were excepted from the operation of the Act because of the Motor Carrier exemption of Section 13(b)(1). This, then, becomes the crucial issue in the case.

■ Whether an employee be exempt under the Act is, in the last analysis, purely a factual question to be determined upon the consideration of all of the circumstances shown in the record. Stranger v. Glenn L. Martin, D.C.Md., 56 F.Supp. 163; Collins v. Kidd, D.C.Tex., 38 F.Supp. 634. See also Musteen v. Johnson, 8 Cir., 133 F.2d 106. In the instant case, the decision whether appellants, or any of them, are excepted from the operation of the Fair Labor Standards Act because of the exempting provision of Section 13(b), is,

in the first instance, for the determination of the trial court.

■ It may be here remarked that where an employee is engaged in driving trucks both in interstate and intrastate commerce, or where his services are distributed between driving a truck in interstate commerce and other activities in interstate commerce not exempted from the operation of the provisions of the Fair Labor Standards Act, the question often arises whether he devotes such a "substantial" part of his time to the driving of the trucks in interstate commerce as to result in his being excepted from the provisions of the Fair Labor Standards Act, and, in turn, to be subjected to the regulatory power of the Interstate Commerce Commission under Section 13(b) of the Act. On this point, see the well-considered opinion of Judge Wyzanski in Hutchinson v. W. C. Barry, Inc., D.C.Mass., 50 F.Supp. 292; also Anuchick v. Trans-American Freight Lines, D.C.Mich., 46 F.Supp. 861; Crean v. Moran Transportation Lines, D. C.N.Y., 57 F.Supp. 212; Walling v. Mutual Wholesale Food & Supply Co., 8 Cir., 141 F.2d 331. In Walling v. A. H. Phillips, Inc., D.C.Mass., 50 F.Supp. 749, truck drivers who were engaged in deliveries to a number of chain stores within a state, and certain stores outside the state, were held to be excepted from the Fair Labor Standards Act by virtue of Section 13(b), but it does not appear from the opinion in that case that the question of the "substantial" amount of the time, devoted by the truck drivers to interstate transportation, was argued or submitted for decision.

■■ With respect to the construction of the Fair Labor Standards Act, where that is found to be necessary, the court must assume that all employees in interstate commerce, so far as reasonably possible, should be made subject to the provisions of the statute, and exemptions should be strictly construed. Ralph Knight, Inc., v. Mantel, 8 Cir., 135 F.2d 514. The Act must be liberally construed to include all employees not expressly excepted therefrom who reasonably may be deemed within its purview. Musteen v. Johnson, 8 Cir., 133 F.2d 106. It is to be construed strictly against those claiming exemption, for the provisions in question are remedial and persons claiming to be excepted therefrom must bring themselves within the letter and spirit of the exemptions which are subject

to strict construction, particularly when the exemption claimed is for an employee engaged in interstate commerce. Smith v. Porter, 8 Cir., 143 F.2d 292; Helena Glendale Ferry Co. v. Walling, 8 Cir., 132 F.2d 616; Consolidated Timber Co. v. Womack, 9 Cir., 132 F.2d 101; Snyder v. Wessner, D.C.Minn., 55 F.Supp. 971.

As to the burden of proof in such cases, see Helliwell v. Haberman, 2 Cir., 140 F.2d 833; Helena Glendale Ferry Co. v. Walling, supra; Snyder v. Wessner, supra.

In accordance with what has been previously said, the judgment of the district court is reversed and the case remanded for further proceedings not inconsistent with this opinion.