**SCHUMANN v. ROSS.**

**No. 10574.**

United States Court of Appeals, Seventh Circuit.

Oct. 16, 1952.

220

SWAIM, Circuit Judge.

This is an appeal from a judgment denying the plaintiff, A. H. Schumann, overtime compensation, damages and attorneys' fees which the plaintiff claimed under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), because of the alleged failure of the defendants to pay him for overtime pursuant to § 7(a) (3) of the Act, 29 U.S.C.A. § 207(a) (3). This latter section of the Act prohibited the employer from employing any employee, engaged in the production of goods for commerce, for more than 40 hours per week without paying such employee at least time-and-one-half for the hours worked in excess of 40 hours. Section 16(b) of the Act made an employer violating § 7(a) (3) of the Act liable to the employee for unpaid overtime compensation, for an equal amount as liquidated damages and for a reasonable fee for the employee's attorney. 29 U.S.C.A. § 216(b).

The defendants alleged that during the entire period of his employment the plaintiff was an employee exempt from the requirements of § 7 of the Act, within the meaning of § 13(a) (1) of the Act, 29 U.S.C.A. § 213(a) (1), in that the plaintiff was employed in a "bona fide executive" capacity as that term was defined by the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to the express authorization to the Administrator in § 13 (a) (1).

The individual defendants, as partners, were engaged in the business of packaging and selling olives and other food products under the firm name of Kitchen-Ease Food Products Company from September 29, 1947 to December 31, 1947. The business was then taken over and operated by the corporate defendant, Kitchen-Ease Food Products Company, Inc., the corporate defendant continuing the operation of the business during the remainder of the time here in question.

The plaintiff was employed on September 29, 1947, as plant superintendent. He worked under this title until some time in January 1949 when he was elected president of the corporation, in which office he served until he left the company in May 1949. The

Samuel Morgan, Leslie E. Salter, Morgan, Salter & Sellery, Chicago, Ill., for plaintiff-appellant.

James W. Breen, Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

plaintiff contended that his election to the office of president did not result in any change in the duties assigned to him in his employment. He contended that during the entire period of his employment he worked 80 hours per week, and that much of his work was manual labor which he performed in the plant where he worked, with the non-exempt employees, at work of the same type which the nonexempt employees were performing.

The Administrator defined an "employee employed in a bona fide executive * * * capacity", 29 Code Federal Regulations, Ch. 5, Pt. 541; 29 U.S.C.A.Appendix, § 541.1, as meaning any employee—

"(A) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(B) who customarily and regularly directs the work of other employees therein, and

"(C) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(D) who customarily and regularly exercises discretionary powers, and

"(E) who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(F) whose hours of work of the same nature as that performed by non-exempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction; * * *."

■ Since these six requirements are in the conjunctive, the employee must meet each of the requirements before he can be considered as exempt from the provisions of § 207 of the Act. George Lawley & Son Corporation v. South, 1 Cir., 140 F.2d 439, 151 A.L.R. 1081. There is no real question but that the plaintiff here met the first five of these requirements. It is admitted that his primary duty was the management of the production department of the defendants' plant. The plaintiff did continuously and regularly direct the work of the other employees in that department. He had the authority to hire and fire other employees in that department and such action by him was ordinarily recognized. He did customarily and regularly exercise discretion in planning and directing the work of the other employees in the department. His compensation was at no time less than three times the required $30 per week. The plaintiff now contends, however, that his "hours of work of the same nature as that performed by the nonexempt employees" far exceeded "20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction."

The plaintiff testified that in arranging the work for the employees in the plant it was necessary for him to get the supplies ready and that this sometimes included moving barrels of olives about the plant and helping to fill orders. Plaintiff says that he sometimes started fires in the furnace, sometimes swept and cleaned the floor, and did heavy work for the plant employees under his direction when no other man was available. The heavy work, he explained, consisted, for the most part, of loading and unloading trucks and moving barrels of olives. The plaintiff testified that he loaded or unloaded trucks "at least once a day" and "many days, more often than once." He did not testify as to what percentage of the time worked by the nonexempt employees under his direction he spent in performing such manual labor.

Three former employees who had worked in the plant under the plaintiff's direction testified that he spent from 75 per cent to 95 per cent of his time working in the plant unloading trucks and helping to load trucks and doing other manual labor. One girl who worked in the plant office said that the plaintiff did not spend very much time in the office but that he spent about 80 per cent of the time each day out in the plant.

On the other hand, Roland D. Ross, who for a time was president of the corporation and who, prior to the formation of the corporation, had been in a supervisory capacity

over the plaintiff, testified that the plaintiff spent less than 5 per cent of his time in doing manual labor of any kind. Ross said that the plaintiff was hired as general superintendent of the plant in charge of production, and that the plaintiff was "in charge of operating personnel, and in charge of all of their various equipment, on the production end of the business."

Sylvester Keith, an electrician and maintenance man who worked in the plant about eight months during the period of the plaintiff's employment, testified that the plaintiff did manual labor, such as starting fires and unloading and loading trucks, "ten per cent, if anything" of the entire time.

Irwin Smith, who was in the trucking business, testified that his trucks did all of the hauling to and from the defendants' plant. He said that trucks went to the plant "an average of twice a week at the most" and that "then there were months there was no hauling out there."

John O'Neal, who worked at the plant seven or eight months during the time in question, said that he saw the plaintiff occasionally do manual labor, "maybe half an hour to an hour a day."

█ Considering the entire evidence in this case, much of it conflicting, we cannot say that the finding of the District Court that the plaintiff was an "exempt employee within the meaning of the Act" was clearly erroneous. We are, therefore, not permitted to draw inferences and conclusions contrary to those drawn by the District Court.

While this finding appears in the Findings of Fact and Conclusions of Law of the District Court under Conclusions of Law, the judgment entered by the District Court recites that:

"* * * the Court having heard the testimony of witnesses in open Court, having heard the arguments of counsel, and having read the Briefs submitted by the attorneys * * * and being fully advised in the premises, Finds, As A Matter Of Law:

* * * * * *

"2. That the plaintiff was an exempt employee within the meaning of the Act, and not entitled to the relief and protection accorded to employees performing manual labor."

This clearly indicates that the trial court, after considering the evidence and the entire record, found that the plaintiff was an exempt employee.

█ The authorities seem to uniformly hold that the question of whether an employee is exempt under the Act and Regulations is an ultimate question of fact to be determined in the first instance by the trial court. Walling, Wage & Hour Administrator v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088; Fletcher v. Grinnell Bros., 6 Cir., 150 F.2d 337, 340; George Lawley & Son Corporation v. South, 1 Cir., 140 F.2d 439, 445.

The mere fact that this Finding of Fact was recited by the District Court as a Conclusion of Law and the further fact that in the judgment order it was stated that this finding was found "as a matter of law" does not prevent the finding from actually being a Finding of Fact which was supported by substantial evidence and, therefore, binding upon this court.

We think that the evidence was also sufficient to support a finding that the plaintiff was "employed in a bona fide * * * administrative capacity," within the meaning of the definition of the Administrator, 29 U.S.C.A.App. § 541.2, and that for that reason also the provisions of § 7 of the Act were, therefore, not applicable to him.

Since we have held above that the evidence was sufficient to support a finding by the trial court that the plaintiff was an exempt employee as an employee working in a bona fide executive capacity, we deem it unnecessary to extend this opinion unduly by discussing in detail the evidence tending to support an inference by the trial court that the plaintiff was an employee employed in a bona fide administrative capacity. It is sufficient on this point to say that the plaintiff's salary was more than the $200 per month minimum fixed by the Administrator's definition, § 541.2(A), and that there was evidence from which the trial court could properly find that the plaintiff's work involved the execution, under only general supervision, of special, non-manual assignments and directions directly related to

management policies or general business operations involving the exercise of discretion and independent judgment as required by subd. (B) (3) of the definition. 29 U.S. C.A.App., § 541.2.

Unlike the definition concerning work in an executive capacity, the Administrator's definition for an employee working in an administrative capacity is in the disjunctive. In the latter definition it was, therefore, only necessary that the employee meet the minimum requirement of $200 per month salary and meet the requirements of one of the subparagraphs under paragraph B of the definition. We think the evidence here was sufficient to meet the requirements of subparagraph (B) (3).

The plaintiff also complained that paragraph 1 of the Conclusions of Law of the District Court and paragraphs 1 and 2 of the Findings of Fact were modeled on the language of § 2 of the Portal to Portal Act of 1947, 29 U.S.C.A. § 252.

When the judgment was entered against the plaintiff in the District Court he filed a motion to vacate the judgment, contending that it was based on § 2 of the Portal to Portal Act, that § 2 did not apply to the type of services performed by the plaintiff, and that it was not necessary for the plaintiff to plead or prove a contract or practice or custom as required by § 2 of the Portal to Portal Act. These findings of the trial court were probably induced by the allegation in paragraph XI of the complaint that,

"The activities of the plaintiff during his employment as aforesaid in excess of the maximum hours provided by Section 7 of the Act were compensable by the express provisions of nonwritten contracts then in effect between the plaintiff and the defendant corporation."

In the absence of any evidence of such contracts it was proper for the court to decide this issue presented by the plaintiff against him. In view of the above it is unnecessary for us to consider whether the provisions of the Portal to Portal Act were applicable to plaintiff's work.

The judgment of the District Court is

Affirmed.