Robert Emmett HOYT, Appellant,

v.

GENERAL INSURANCE COMPANY OF AMERICA, a Corporation, Appellee.

No. 15400.

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1957.

Anderson, Franklin & O'Brien, Ben Anderson, Portland, Or., for appellant.

Mautz, Souther, Spaulding, Denecke & Kinsey, Wayne Williamson, Portland, Or., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

This action was brought by Robert Emmett Hoyt (hereafter Hoyt) to recover payment for overtime work from the General Insurance Company of America under Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207. The lower court found for the defendant on the ground that plaintiff was an "administrative employee" within the meaning of Section 13 of the Act, 29 U.S.C.A. § 213, and therefore exempt from the provisions of Section 7 of the Act.

Appellee, General Insurance Company of America (hereafter General) is engaged in the general insurance business; authorized to do business in Oregon and Washington, and engaged in interstate commerce.

Hoyt was employed by General from March 1, 1954 to May 15, 1955 for the purpose of inspecting boilers and various other types of machinery insured by General, and making reports to General concerning the condition of these machines and boilers. During his employment by appellee, Hoyt was assigned a territory within which it was his duty to inspect all the objects located therein which were insured by General. The scheduling of inspections was of appellant's own making. In conducting his inspections, Hoyt necessarily had to crawl inside the boilers to be inspected for the purpose of testing the insured objects but his duties did not include any elements of repair or alteration of the objects being inspected. The objects were dismantled and prepared for inspection by employees of the owner of the objects.

Hoyt's reports to General covered his opinion as to the safety of the object inspected, and in the event he felt that the inspected object was unsafe, included his recommendations as to what should be done to make the object a better risk. These reports were edited for grammar and spelling and copies distributed, one such copy being sent to the insured. Hoyt was also expected to confer with the insured concerning the safety of the insured object and to try to persuade the insured to make the necessary changes. In the event that the insured was uncooperative the matter would be referred to Hoyt's superiors. In no case was Hoyt allowed to make an on-the-spot suspension of the insured object though the evidence tends to show that General acted upon the recommendations of appellant.

In addition to his duties owing General, Hoyt was required to make certain reports available to the State of Oregon concerning the safety of boilers and pressure vessels as a licensed state inspector.

The issue presented by the case at bar is a very narrow one. Does Hoyt come within the exemption to Section 7 of the Fair Labor Standards Act of "administrative employee" as provided by Section 13 of the Act?

The authorities are uniform in holding that the question of whether an employee comes within one of the exemptions of the Act *is an ultimate question of fact* to be decided by the trier of the facts. Walling v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088; Schumann v. Ross, 7 Cir., 199 F.2d 219. The findings of the court below are binding upon this court unless they are clearly erroneous. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A.

Though this Court may use the explanatory bulletins promulgated by the Wage and Hour Division of the Department of Labor as guides in its determination, as is urged by Hoyt, it is in no way bound by the use of an inspector as an example of an employee not engaged in the exercise of discretion and independent judgment in such a bulletin. The lower court in its findings determined that Hoyt was an "administrative employee" within the meaning of the Act. In the light of all the facts presented by the record, this finding is not clearly against the weight of the evidence and this Court must and does affirm the judgment of the lower court.