**W. Willard WIRTZ, Secretary of Labor, Plaintiff-Appellee,**

v.

**ATLANTA LIFE INSURANCE CO., Defendant-Appellant.**

No. 14935.

United States Court of Appeals
Sixth Circuit.

Jan. 3, 1963.

John Bacheller, Jr., Atlanta, Ga. (Fisher & Phillips, Ray C. Muller, Robert J. Berghel, Atlanta, Ga., on the brief), for appellant.

Jacob I. Karro, United States Dept. of Labor, Washington, D. C. (Charles Donahue, Sol. of Labor, Jack H. Weiner, Atty., United States Dept. of Labor, Washington, D. C., Jeter S. Ray, Regional Atty., on the brief), for appellee.

Before O'SULLIVAN and SMITH, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

This is an appeal from a judgment of the District Court for the Middle District of Tennessee enjoining defendant-appellant from violating Sections 15(a) (1), 15 (a) (2) and 15(a) (5) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 215(a) (1), 215(a) (2), 215(a) (5) (failure to keep records and to pay overtime wages to some of its employees).

Defendant-appellant, Atlanta Life Insurance Company, is engaged in the insurance business in several states, including Tennessee. Its employees are engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act. The sole question involved here is whether certain of Atlanta Life's employees, variously designated as salesmen-supervisors or supervisors, are "outside salesmen" who are exempt from coverage of the Act by reason of Section 13(a) (1) thereof, 29 U.S.C.A. § 213(a) (1), and the regulations promulgated thereunder. 29 C.F.R. § 541.

The question whether or not employees are exempt from the operation

of the Fair Labor Standards Act is primarily one of fact. Fletcher v. Grinnell Bros., 150 F.2d 337, 340 (C.A.6, 1945); Walling v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088. The findings of fact made by the District Judge in this regard may not be set aside on appeal unless they are clearly erroneous. Walling v. General Industries Co., 155 F.2d 711, 714 (C.A.6, 1946), affirmed, 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088. Likewise, we may not set aside factual inferences drawn from undisputed basic facts unless they are clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

■ The District Judge found that the employees in question, whom he termed supervisors, each directed and supervised the work of four to six sales agents, known in the trade as "debit men." The supervisors' remuneration was on an hourly basis, varying from $1.02 to $1.06 per hour, plus a quarterly or semi-annual commission. He found that these supervisors assisted in the training of agents, made reports with regard to the operations of the agents under their control, reviewed and approved applications for insurance, and held daily meetings with such agents. From time to time, each supervisor was assigned to work directly with one of his agents, accompanying such agent on the agent's "debit" route and assisting him with his collections and sales. Such trips were for the purpose of improving the quality of the work of individual salesmen and bringing up to date accounts of agents who had a backlog of uncollected premiums. The District Judge found that such work on the part of the supervisors was not exempt. The commissions earned by a supervisor were not limited to the specific sales made while the supervisor was actually accompanying a particular salesman. Rather, the quarterly or semi-annual commission received by each supervisor was computed upon the increase in business of *all* of the agents under his direction, regardless of whether the supervisor directly participated in the collections and sales.

In addition, the District Judge found that the supervisors spent more than twenty percent of their work week in routine office work not connected with their own outside sales. This factor, in itself, would be sufficient to render the exemption inapplicable. 29 C.F.R. § 541.5(b).

■ The burden of proving that an employee is exempt from coverage of the Fair Labor Standards Act rests upon the one who claims the exemption. Fletcher v. Grinnell Bros., 150 F.2d 337, 340–341 (C.A.6, 1945); Walling v. General Industries Co., 330 U.S. 545, 548, 67 S.Ct. 883, 91 L.Ed. 1088. On the record presented here, we cannot say that the District Judge erred in holding that the defendant failed to sustain this burden. Nor do we find the factual determinations made by him, or his conclusions based thereon, to be clearly erroneous. The principal authority relied upon by defendant here, Jewel Tea Co. v. Williams, 118 F.2d 202 (C.A.10, 1941), is factually inapposite.

The judgment of the District Court is affirmed.