**Ralph BLINSTON, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Appellee.**

**No. 20661.**

United States Court of Appeals,
Eighth Circuit.

May 11, 1971.

Howard D. Lay, Donaldson & Lay, Kansas City, Mo., for appellant.

Shayle P. Fox, Lederer, Fox & Grove, Chicago, Ill., for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

ALDRICH, Circuit Judge.

Plaintiff Blinston, a claims adjuster, sues his employer, Hartford Accident and Indemnity Company, for overtime pay. The district court, sitting without a jury found that plaintiff worked in excess of 40 hours a week, and was not paid for overtime, but dismissed the complaint. Plaintiff appeals. He concedes that none of the court's factual findings are plainly erroneous, and asserts only errors of law. We will, accordingly, consider his claims in the light of the court's findings, to the extent that there were such, and ignore conflicting testimony he offered below.

Count I seeks recovery under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., which concededly requires recovery unless defendant establishes an exemption under subsection 13(a) (1) of the Act, 29 U.S.C. § 213(a) (1). This excludes from overtime pay provisions,

> "any employee employed in a bona fide executive, administrative, or professional capacity * * * as such terms are defined and delimited from time to time by regulations of the Secretary."

The district court found as follows:

> "During his entire period of employment by defendant, the plaintiff worked only under general supervision along specialized and technical lines, which required special training, experience and knowledge by him, and he devoted less than 20% of the time of his employment to other types of activities. The plaintiff regularly exercised independent judgment, and was required and expected by his employers to exercise independent judgment, in the performance of his duties. The

* Of the First Circuit, sitting by designation.

plaintiff exercised a great deal of discretion in the performance of his duties, which was almost completely unsupervised, and he was encouraged by his employer to exercise such discretion. * * *

"For the entire period for which the plaintiff in this suit seeks compensation for overtime services the plaintiff was employed by the defendant in a bona fide administrative capacity within the meaning of 29 U.S.C. Section 213(a) (1). The plaintiff is not entitled to recover any sums from the defendant claimed in this action and judgment should be entered in favor of defendant herein."

The evidence amply warranted this conclusion. In addition to what the court stated, plaintiff conceded that he had uncontrolled settlement authority of $3,000 per case, and that the bulk of the cases assigned to him he settled within this authority.

The Wage-Hour Administrator has recognized that insurance adjusters can come within the exemption. Wage and Hour Opinion Letter No. 563 (1967) ; cf. Hoyt v. General Ins. Co. of America, 9 Cir., 1957, 249 F.2d 589. In this court plaintiff's principal contention is that performance of the duties imposed by his employment contract involved illegal practice of law under the Missouri Supreme Court's declaratory decision in Liberty Mutual Ins. Co. v. Jones, 1939, 344 Mo. 932, 130 S.W.2d 945. He argues that we should not recognize a defense based upon a contractual undertaking to engage in illegal conduct.

In *Liberty Mutual*, a proceeding brought by the Missouri Bar Association to prevent the unlawful practice of law by so-called lay adjusters, the court announced a number of guidelines. Those presently relevant are as follows:

"4. The Court declares the law to be that when a lay adjuster employed by an appellant company, in the negotiation and settlement of a claim arising under a policy of casualty insurance issued by his employer, truthfully states to the claimant or claimant's representative what the company's attorney has advised such company as to the liability of the company or its insured upon such claim, this act of such lay adjuster does not constitute the practice of law or the doing of law business; *but he shall not state or act upon his own opinion as to the legal rights of the company, insured or claimant.*

* * * * * *

"8. The Court declares the law to be that when a lay adjuster or lay claims manager of an appellant company determines for his employer the pecuniary limit which his employer will be willing to offer or pay in settlement of any claim arising under a policy of casualty insurance issued by such employer, this act of such lay adjuster or lay claims manager does not constitute the practice of law or the doing of law business; *provided he does not determine the legal liability of his employer or its assured, but arrives at his conclusion either regardless of legal liability or upon the advice of counsel."* 344 Mo. at 966–967, 130 S. W.2d at 961–962 (Emphasis added).

The district court made no findings with respect to this subject.

Defendant's manual instructed its adjusters to divide claims into two groups: those in which liability was clear or questionable, and those where there was no liability. According to the instructions, the first were to be settled on the best basis possible without distinguishing between clear and questionable liability. The second were not to be settled. We cannot agree with defendant that effecting this differentiation was permissible under the *Liberty Mutual* guidelines. Moreover, plaintiff introduced evidence, both through himself and a company supervisor, that adjusters customarily weighed liability, and stated defendant's position thereon to claimants without having received specific advice on the

particular case from the law department. In spite of this failure to comply with the proscriptions of *Liberty Mutual,* we hold that plaintiff cannot recover.

In the first place, the court does not appear to have rested its determination that plaintiff was employed in an administrative capacity upon the fact that he was forming, acting upon, or expressing legal opinions. There was abundant evidence apart from this activity to justify the general conclusion. Plaintiff made no request for further findings.

■ Secondly, while we do not question the right of a state to forbid lay employees of an insurance company from expressing opinions of law to claimants, which was certainly de minimis so far as plaintiff's activities were concerned, we have grave doubts about the right of a state to forbid the company to govern its own conduct on the basis of an appraisal of its legal position by its own employees even though they are not members of the bar*. Under paragraphs 4 and 8 of the *Liberty Mutual* decision quoted ante, a lay adjuster, in determining the settlement value of a case, or even whether it should be settled at all, can not consider the most obvious of circumstances unless he takes the matter up with legal counsel. For example, he can give no weight to the fact that the insured was proceeding through a crossing with a green light and the claimant came through it on a red light at an excessive speed, or vice versa; he must treat both cases alike. We can think of no public purpose to be served by such a restriction, and no private purpose except providing employment for lawyers. No apposite precedents were cited in *Liberty Mutual.* We may doubt whether the Missouri court today would hold that a company cannot instruct its lay adjusters on the fundamental principles of tort lia-

bility and permit them to govern their actions thereon. In any event, we do not propose to hold that violation of the restriction forecloses defendant's otherwise valid defense to this suit under the Fair Labor Standards Act. Whatever valid purposes the restriction may have are too obscure, and the possibility that they would be served by such a holding too remote, to justify the resulting frustration of the policies of the federal act reflected in the provision creating the exemption.

Count II of the complaint alleges that the employment contract provided for overtime pay for work in excess of 36¼ hours. The district court found,

"The plaintiff was employed by the defendant for a period of years prior to the institution of this case under a contract which did not require the payment of any overtime compensation."

On this appeal plaintiff concedes that this was not clearly erroneous, and precludes recovery under Count II.

[2] Count III claims entitlement to recover under Missouri Rev.Stat. section 290.010 (1959), which reads as follows:

"From and after the first day of May, in the year eighteen hundred and sixty-seven, the period of eight hours shall be and constitute a legal day's work; but nothing in this section shall be so construed as to prevent parties to any contract for work, services or labor from agreeing upon a longer or shorter time."

No case has been found interpreting this statute. Having in mind that it permits full liberty of contract, whatever its origins or purpose it cannot conceivably be construed to impose an obligation on employers to pay overtime compensation for work in excess of eight hours a day.

Affirmed.

---

* In this case plaintiff, apparently alone of defendant's adjusters, happens to be a member of the bar. While this might well be a separate defense in this case, we have no need to rely on it.