Kathryn HAMBLEN, Plaintiff-Appellee,

v.

J. W. WARE, d/b/a Ware House Hotel, Defendant-Appellant.

No. 74–1856.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1975.

Decided Dec. 1, 1975.

---

Harlan Dodson, III, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., for defendant-appellant.

Edward C. White, Nashville, Tenn., for plaintiff-appellee.

Before EDWARDS and ENGLE, Circuit Judges, and RUBIN, District Judge.*

CARL B. RUBIN, District Judge.

In this appeal the appellant seeks reversal of the district court denial of exemption from the minimum wage/maximum hour laws. We affirm.

As a defense to suit by a former employee, appellant-employer contended that his business operation was a "retail or service establishment" qualifying for the 29 U.S.C. § 213(a)(2) exemption and a "hotel" qualifying for the 29 U.S.C. § 213(b)(8) exemption.

Appellant operated an establishment in Nashville, Tennessee, known variously as "Ware House" and "Ware House Hotel." He had leased premises from the L & N Railroad in an agreement which provided for the "establishment of dormitory for employees." By contract with appropriate unions, the L & N Railroad was required to provide and pay for lodging for its employees at an "away-from-home terminal."

Where the issues involve exemptions to the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 *et seq.*), such exemptions must be narrowly construed against the party seeking them. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960). The determination of an exemption in the first instance involves resolution of questions of fact. *Walling v. General Industries Co.*, 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088 (1947), and *Hodgson v. Klages Coal and Ice Co.*, 435 F.2d 377,

* Hon. Carl B. Rubin, United States District Judge for Southern Ohio, sitting by designation.

**478**

382 (6th Cir. 1970), *cert. den.*, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137. Findings of fact by the district court may not be set aside unless clearly erroneous. *Walling v. General Industries Co., supra,* 330 U.S. at 550, 67 S.Ct. 883; *Hodgson v. Klages Coal and Ice Co., supra,* at 382, and *Wirtz v. Atlanta Life Ins. Co.,* 311 F.2d 646, 647 (6th Cir. 1963), Rule 52, Federal Rules of Civil Procedure. In making the necessary determinations, interpretative regulations of the Department of Labor may be used by the courts for guidance and are entitled to considerable weight. *Mabee v. White Plains Publishing Co.,* 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607 (1946); *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944); *Baird v. Wagoner Transportation Co.,* 425 F.2d 407 (6th Cir. 1970). With the foregoing as background, appellant's specific asserted exemptions may be considered.

**I**

 Section 213(a)(2) provides, in pertinent part, that the provisions of Sections 206 and 207 shall not apply with respect to any employee employed by any retail or service establishment.[1] The last full sentence of said section reads as follows:

A "retail or service establishment" shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; or . . .

Therefore, if more than 25% of the appellant's establishment's dollar volume of sales or services is for resale, appellant cannot qualify for the exemption.

Two separate fact situations in earlier cases best illustrate the concept of sales for resale as contemplated in the wage and hours law.

Sales or services for resale in terms of the applicable statutes have been previously defined in other circuits.

Meals sold to airlines for distribution to passengers are sales for resale even though the airlines did not impose a direct charge upon the passengers. In reality, the cost of the meal was reflected in the price paid for the transportation ticket. *Mitchell v. Sherry Corine Corp.,* 264 F.2d 831 (4th Cir. 1959), *cert. den.,* 360 U.S. 934, 79 S.Ct. 1453, 3 L.Ed.2d 1546.

Towing services supplied to members of an Auto Club are services for resale even though no direct charge is made, since the cost thereof was passed on in the form of increased membership fees. *Gray v. Swanney-McDonald, Inc.,* 436 F.2d 652 (9th Cir. 1971).

In effect, appellant herein raises the same issue when he asserts that his agreement with the L & N Railroad to provide lodging is a final sale and qualifies his business as a "retail or service establishment."

---

1. The section reads in full as follows:
 § 213. Exemptions
 (a) The provisions of sections 206 and 207 of this title shall not apply with respect to—
 (2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, if such establishment—
 (i) is not in an enterprise described in section 203(s) of this title, or
 (ii) is in such an enterprise and is a hotel, motel, restaurant, or motion picture theater; or is an amusement or recreational establishment that operates on a seasonal basis, or
 (iii) is in such an enterprise and is a hospital, or an institution which is primarily engaged in the care of the sick, the aged, the mentally ill or defective, residing on the premises of such institution, or a school for physically or mentally handicapped or gifted children, or
 (iv) is in such an enterprise and has an annual dollar volume of sales (exclusive of excise taxes at the retail level which are separately stated) which is less than $250,000.
 The section then concludes with the sentence quoted above defining "retail or service establishment."

This argument ignores the clear purpose of the union contract. The requirement that the L & N Railroad provide and pay for lodging at away-from-home terminals was bargained for and accepted by both parties as a condition of employment. As such the supplying of lodging cannot be a final sale.

The district court found that "more than 50 percent of the income from the operation of the Ware House Hotel was a result of the relationship between the defendant [appellant] and the L & N Railroad Company in the housing of railroad employees pursuant to the collective bargaining agreement." The statutory requirement of 75% of services not for resale cannot be met.

Accordingly appellant's business is not a retail or service establishment within the meaning of 29 U.S.C. § 213(a)(2).

## II

Section 213(b)(8) provides, in pertinent part, that the provisions of Section 207 shall not apply to any employee who is employed by an establishment which is a hotel.[2] There is a noticeable lack of guidance as to just what Congress intended by the word, "hotel." We accept the definition of the Department of Labor at 29 C.F.R. § 779.383(b):

(b) *Definition of "hotel".* The term "hotel" as used in section 13(b)(8) means an establishment known to the public as a hotel, which is primarily engaged in providing lodging or lodging and meals for the general public.

Appellant contends that his establishment is a hotel within the meaning of this section, and relies heavily on the testimony that the general public made some use of the facilities as well as a stipulation of the parties, noted by the district court in its memorandum[3].

The test to be applied is the primary engagement test found in 29 C.F.R. 779.-383(b). That the public may have used the facilities is pertinent only where an establishment was "primarily engaged in providing lodging . . . for the general public." Since the district court found that more than 50% of appellant's business came from his connection with the railroad, it must follow that such business did not come primarily from the general public.

For the same reason the stipulation is not decisive. In the context of narrow exemptions from the Fair Labor Standards Act of 1938, appellant must not only operate a "hotel," he must operate "a hotel . . . primarily . . . for the general public." This he did not do and he may not claim exemption under 29 U.S.C. § 213(b)(8).

The judgment of the district court is therefore affirmed.

---

**2.** The section reads in full as follows:
§ 213. Exemptions
(b) The provisions of section 207 of this title shall not apply with respect to—
(8)(A) any employee (other than an employee of a hotel or motel who performs maid or custodial services) who is employed by an establishment which is a hotel, motel, or restaurant and who receives compensation for employment in excess of forty-eight hours in any workweek at a rate not less than one and one-half times the regular rate at which he is employed; or

(B) any employee of a hotel or motel who performs maid or custodial services and who receives compensation for employment in excess of forty-eight hours in any workweek at a rate not less than one and one-half times the regular rate at which he is employed.

**3.** "3. J. W. Ware, d/b/a Ware House Hotel, operated a hotel in interstate commerce during the periods of time relevant to this action.