**Gary O'DELL, Plaintiff–Appellee, Cross–Appellant,**

**v.**

**ALYESKA PIPELINE SERVICE COMPANY, Defendant–Appellant, Cross–Appellee.**

Nos. 87–3962, 87–3974.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1988.

Decided Sept. 16, 1988.

Lawrence R. Trotter, Robert I. Shoaf, Alyeska Pipeline Service Co., Kenneth P. Eggers and Sema E. Lederman, Groh, Eg-

gers & Price, Anchorage, Alaska, for defendant-appellant, cross-appellee.

Bradley D. Owens, Jermain, Dunnagan & Owens, P.C., Anchorage, Alaska, for plaintiff-appellee, cross-appellant.

Before TANG, KOZINSKI and THOMPSON, Circuit Judges.

TANG, Circuit Judge:

### I.

Alyeska appeals the district court's award of overtime wages and liquidated damages to Gary O'Dell under the Fair Labor Standards Act [FLSA], 29 U.S.C. §§ 201, *et seq.* It also appeals the district court's dismissal of its counterclaim for unjust enrichment. O'Dell cross-appeals, seeking reinstatement of his state law claim for a wage penalty and additional overtime wages under the Alaska Wage and Hour Act [AWHA], AS 23.10.050 *et seq.* We reverse.

### II.

The facts necessary to a proper determination of the legal question whether an exemption to the FLSA applies in a particular case are reviewed under the clearly erroneous standard. *Icicle Seafoods, Inc. v. Washington,* 475 U.S. 709, 713, 106 S.Ct. 1527, 1529, 89 L.Ed.2d 739 (1986). The question whether O'Dell's activities as a field inspector excluded him from the overtime benefits of the FLSA is a question of law governed by the regulations promulgated by the Wage and Hour Administrator, and is reviewed *de novo. Id.* at 714, 106 S.Ct. at 1530; *United States v. McConney,* 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### III.

Gary O'Dell was a Field Inspector working for Alyeska from September 15, 1980, through September 30, 1983. Prior to 1980, Alyeska reorganized and combined its quality evaluation and inspection groups within its engineering department. The reorganization merged into the field inspector position the duties previously performed by a field inspector and a quality control inspector. Thus, O'Dell's duties included observing work and assuring compliance with pertinent regulations and industry standards, and auditing records to ensure compliance with U.S. Department of Interior and Department of Transportation requirements.

Alyeska field inspectors work without supervision at remote field locations along the Pipeline. They maintain daily contact with their superiors by telephone. When a field inspector determines that work fails to satisfy minimum standards set out in "control documents" he is to attempt to handle the discrepancy on site by negotiation with the project supervisor. If a discrepancy cannot be resolved on site the field inspector documents the problem and refers it to his supervisor or the Alyeska engineering department, making recommendations for waivers of specifications if necessary. It is undisputed that field inspectors can reject work if it is deemed unacceptable. They can review and override the decisions of quality control inspectors employed by contractors. In 1982 and 1983, Alyeska field inspectors helped develop guidelines for inspection procedures.

During his time with Alyeska, O'Dell was paid every two weeks on an annual salary above $51,000 including an isolation differential of $7,800 per year. In addition, as an exempt employee, he was entitled to home sale assistance, home purchase assistance, other relocation benefits, and vacation and emergency travel reimbursement. O'Dell was paid over $16,000 in benefits he would not have received as a non-exempt employee.

### IV.

Alyeska correctly argues that the district court erred by applying the "Long Test" rather than the "Short Test" when evaluating the degree of discretion and independent judgment required to establish

an administrative exemption under 29 U.S.C. § 213 from the overtime provisions of the FLSA. Under the "Long Test" an administrative employee qualifies as an exempt employee only if his job requires that he *"customarily and regularly* exercise[ ] discretion and independent judgment." 29 C.F.R. § 41.2(b) (emphasis added). The "Short Test" is applicable to high-salaried administrative employees like O'Dell. 29 C.F.R. § 541.2(e)(2). Under the Short Test, O'Dell's job must only *"include* [ ] work requiring the exercise of discretion and independent judgment" to qualify him as an exempt employee. 29 C.F.R. § 541.2(e)(2) (emphasis added); 29 C.F.R. § 541.214.

■ O'Dell asserts that the district court's application of the Long Test was at most harmless error. The district court concluded that "it is difficult to find, on the present record, that Alyeska inspectors ever perform duties [requiring the exercise of discretion and independent judgment]." Thus, O'Dell maintains, even under the Short Test's more lenient requirement that an exempt employee's work merely "include" the exercise of discretion and independent judgment, the evidence shows that O'Dell was a non-exempt employee. We disagree. Had the district court analyzed the position under the Short Test, it would necessarily have reached a different conclusion.

> In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term, as used in the regulations in Subpart A of this part, moreover, implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision, and with respect to matters of significance.

29 C.F.R. § 541.207(a). The duties of an Alyeska field inspector include the exercise of discretion and independent judgment.

In *Hoyt v. General Ins. Co. of America*, 249 F.2d 589, 590 (9th Cir.1957), this court affirmed the district court's conclusion that Hoyt, an insurance inspector responsible for inspecting boilers and various other types of machinery insured by General, was an exempt administrative employee within the meaning of the FLSA. We stated:

> Though this court may use the explanatory bulletins promulgated by the Wage and House Division of the Department of Labor as guides in its determination ... it is in no way bound by the use of an inspector as an example of an employee not engaged in the exercise of discretion and independent judgment in such a bulletin.

*Id.* Hoyt's duties were similar to O'Dell's while at Alyeska. Both were assigned a territory; both issued reports which included opinions as to the safety of the objects inspected and recommendations for action; both conferred with company clients and tried to persuade the client to make changes.

The district court found that Alyeska inspectors represent the company in contacts with state inspectors, offer assistance to contractors in interpreting codes, negotiate with field supervisors to correct discrepancies on site, and "often make recommendations" for action. With these findings, had the district court applied the Short Test, it could only have come to the ultimate conclusion that O'Dell exercised some discretion and independent judgment during the course of his job, and therefore O'Dell was an exempt administrative employee and not an FLSA employee.

The judgment and award of overtime wages and liquidated damages is accordingly

REVERSED.