William COLE, Plaintiff–Appellant,

v.

DANIELS, INC., a corporation registered in the State of Washington, Defendant–Appellee.

No. 99–35641.

D.C. No. CV–98–00395–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 2000 [1].

Decided March 26, 2001.

---

of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before FERGUSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM[2]

The district court properly concluded that Cole was not entitled to overtime wages because he was an "administrative employee" within the meaning of the FLSA and Washington state law. 29 U.S.C. § 213(a)(1); R.C.W. 49.46.010(5)(c); *O'Dell v. Alyeska Pipeline Service Co.,* 856

F.2d 1452, 1453 (9th Cir.1988) (whether exemption applies is a question of law governed by Wage and Hour Administration regulations). Even viewing the evidence in the light most favorable to Cole, the facts presented (largely through Cole's own testimony) established that Cole's "primary duty" was "office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers," and which required "the exercise of discretion and independent judgment." 29 C.F.R. § 541.2(3)(2).

An employee's "primary duty" is not determined solely by time, but is dictated by a number of "pertinent factors." 29 C.F.R. § 541.206; 29 C.F.R. § 541.103. In this case, Cole's administrative duties were extremely important, as he was almost solely responsible for starting up and managing the company's long haul trucking business. He was required almost daily to exercise discretion in selecting drivers and routes and negotiating prices. Cole was not closely supervised most of the time, though he was required to consult with the company's president on certain matters. Even if not the final authority, making recommendations for action is part of exercising discretion and judgment. *O'Dell,* 856 F.2d at 1454. The district court properly concluded that the administrative exemption applied and that a reasonable jury could not have found otherwise.

AFFIRMED. Fees and costs are addressed in a separate filed Order.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.