**Ronald E. ZUBER, Plaintiff—Appellant,**

v.

**APC NATCHIQ, INC., Defendant—Appellee.**

No. 04–35120.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Aug. 15, 2005.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Ronald E. Zuber appeals from the district court's decision denying his motion for partial summary judgment and granting APC Natchiq's motion for partial summary judgment on the issue of whether Zuber is exempt from overtime wages under the Alaska Wage and Hour Act (AWHA) and the federal Fair Labor Standards Act (FLSA). Because Zuber's job duties are undisputed, the sole issue is whether Zuber is exempt because he was "employed in a bona fide ... administrative ... capacity." 29 U.S.C. § 213(a)(1). An employer claiming that a given employee is exempt bears the "burden of showing that the exemption applies," and FLSA exemptions are "narrowly construed against ... employers." *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir.2002) (internal citations and quotation marks omitted).

Zuber was not an exempt employee under the FLSA because his work as a safety specialist primarily required the application of detailed procedures to specific situations. His job thus entailed "the use of skill in applying techniques, procedures, or specific standards" rather than "the exercise of discretion and independent judgment." *See id.* at 1126, 1129 (internal citations and quotation marks omitted).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We must defer to Department of Labor regulations interpreting the FLSA. *Webster v. Public School Employees of Washington*, 247 F.3d 910, 914 (9th Cir.2001). Current regulations cite "public sector inspectors or investigators" such as "safety ... specialists" as an example of those employees who do not fall under the administrative employee exemption because their duties are "typically ... not ... directly related to the management or general business operations of the employer" and because their work involves "the use of skills and technical abilities" as opposed to the exercise of discretion. 29 C.F.R. § 541.203(j). Although Zuber was an inspector in the private rather than the public sector, the record indicates that his duties were substantially similar to those described in the regulations as an illustration of a non-exempt employee.

Zuber's case is distinguishable from that of the field inspector found to be exempt in *O'Dell v. Alyeska Pipeline Service Co.*, 856 F.2d 1452 (9th Cir.1988). The inspector in *O'Dell* was required to exercise discretion because he worked "without supervision at remote field locations along the [Alaska] Pipeline," was authorized to "review and override the decisions of quality control inspectors," and had the power to "ma[ke] recommendations for waivers of specifications." *Id.* at 1453. By contrast, Zuber was usually supervised on-site; his recommendations—such as whether to issue a permit—were always subject to a further level of review; and he had no discretion to depart from established standards.

AWHA "is based upon the Fair Labor Standards Act ... and federal interpretations of FLSA are relevant in interpreting AWHA." *Dayhoff v. Temso Helicopters*, 848 P.2d 1367, 1372 (Alaska 1993). Under the Alaska Administrative Code, an employee is non-exempt if his work is not "directly related to management policies" or if he does not "customarily and regularly exercise[ ] discretion." *See* 8 AAC 15.910(a)(1). Because the AWHA closely tracks the FLSA on this issue, Zuber is also entitled to partial summary judgment that he is non-exempt under the AWHA.

REVERSED and REMANDED with instructions to enter summary judgment for Zuber.